UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DANIEL J. COLLINS, IN BEHALF OF HIMSELF
AND THE STATE OF NEW YORK,

                             Plaintiff,

  -v-                                 1:15-CV-0411
                                        (DNH/TWD)

BRIAN W. ROE, DIRECTOR OF OPERATIONS,
THE ALTAMONT PROGRAM, INC.; JACQUELYN
GENTILE, CHIEF OPERATING OFFICER, THE
ALTAMONT PROGRAM, INC.; THE ALTAMONT,
PROGRAM, INC.; NEW YORK STATE INDUSTRIES
FOR THE DISABLED (NYSID); SARAH ERICKSON,
DIRECTOR, NYSID; DAVID FRICK, FACILITY
MANAGER, OFFICE OF GENERAL SERVICES
(OGS); ANDREW PAPELLE, PLAZA OPERATIONS
MANAGER, OGS; DARREN MILLER, ESQ., NEW
YORK STATE ATTORNEY GENERAL'S OFFICE;
ELAINE LEACH, ESQ., NEW YORK STATE
DEPARTMENT OF LABOR, PUBLIC WORKS
DEPARTMENT; NOREEN VanDOREN, ESQ.,
LEGAL COUNSEL, OGS; AND ANN PHILIPS, ESQ.,
LEGAL COUNSEL, OGS,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

OLIVER, OLIVER LAW FIRM              LEWIS B. OLIVER, JR., ESQ.
Attorneys for the Plaintiff
156 Madison Avenue
Albany, NY 12202

GLEASON, DUNN LAW FIRM              RONALD G. DUNN, ESQ.
Attorneys for Defendant David Frick      CHRISTOPHER M. SILVA, ESQ.
40 Beaver Street
Albany, NY 12207

OFFICE OF TIMOTHY J. O'CONNOR      TIMOTHY J. O'CONNOR, ESQ.
Attorneys for Defendant Andrew Papale[1]
29 Wards Lane
Albany, NY 12204

---

[1] Defendant Papale's name in incorrectly listed as Papelle in the Complaint.

| | |
|---|---|
| HON. ERIC T. SNEIDERMAN<br>New York State Attorney General - Albany<br>Attorneys for Defendants Darren Miller, Esq.,<br>Elaine Leach, Esq., Noreen VanDoren, Esq.<br>and Anne Phillips, Esq.[2]<br>The Capitol<br>Albany, NY 12224 | SHANNAN COLLIER KRASNOKUTSKI,<br>ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

### **I. INTRODUCTION**

Plaintiff Daniel J. Collins ("Collins") filed this action on April 6, 2015 pursuant to 42 U.S.C. § 1983 alleging that defendants terminated his employment from defendant Altamont Program, Inc. ("Altamont") in retaliation for the exercise of his First Amendment rights. Plaintiff also alleges that Altamont and defendant Brian W. Roe ("Roe") violated the New York State False Claims Act. Presently before the Court are: (a) motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants David Frick (ECF No. 62), Andrew Papale (ECF No. 64), Darren Miller, Elaine Leach, Noreen VanDoren and Anne Phillips (ECF No. 68) and (b) a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) submitted by plaintiff (ECF No. 89). The motions are fully briefed and oral agrument was heard on October 13, 2016 in Utica, New York. For the following reasons, defendants' motions to dismiss are granted and plaintiff's motion to amend the complaint is denied.

### **II. FACTUAL BACKGROUND**

The following facts reflect those contained in the proposed Amended Complaint. See ECF No. 89-2.

In 1996, Collins began working for various companies which provided janitorial services

---
[2] Defendant Phillip's name is incorrectly listed as Ann Philips in the Complaint.

- 2 -

in numerous state owned buildings pursuant to contracts with the New York State Office of General Services ("OGS").  In 2011, the New York State Industries for the Disabled ("NYSID") entered into a contract with OGS to provide janitorial services for various state owned building in Albany, New York (the "OGS Contract").  Altamont was determined to be the preferred source subcontractor for the OGS Contract and entered into a Membership Agreement with NYSID to perform the janitorial services in such state owned buildings (the "Altamont Contract").  In June 2011, Altamont hired Collins to continue as Project Manager for the Corning Tower and Health Labs in Albany, New York, whereby plaintiff supervised the janitorial work of 55 to 60 employees, prepared payroll information, ordered supplies, scheduled workers and frequently interacted with OGS supervisors.  While employed by Altamont, plaintiff's supervisor was defendant Roe, the director of operations for Altamont.  Defendant David Frick ("Frick"), an OGS employee, served as the administrator of the OGS Contract and oversaw plaintiff's operations on a daily basis.

Collins alleges that from June 2011 until April 2012, he reported numerous deficiencies in the services being provided by Altamont to Frick in their weekly meetings and daily interactions, which he believed were in violation of the OGS Contract and the Altamont Contract.  These included, among other things, that: (i) Roe refused to provide appropriate supplies, (ii) individual workers supplied by Altamont had not received the required background check or OGS security identification, were abusing drugs and were untrained, (iii) Altamont was not supplying the required number of disabled individuals to OGS pursuant to the OGS Contract, (iv) Altamont was distributing keys to unauthorized employees and (v) Altamont was padding or double billing OGS for work performed.  Collins alleges that as a result of his communications with Frick concerning Altamont's deficiencies and fraudulent conduct, Frick scheduled a meeting to be held on April 9, 2012 which was to be attended by

plaintiff, Roe, Frick, Frick's supervisor, defendant Andrew Papale, Plaza Operations Manager for OGS and defendant Sarah Erickson, Director of NYSID.  However, plaintiff states that on April 6, 2012, his employment with Altamont was terminated by Roe.  Plaintiff alleges that the proposed meeting was canceled and never rescheduled.

Soon after his termination from Altamont, Collins reported the alleged misconduct to the New York State Attorney General's Office.  Plaintiff states that he subsequently provided information concerning Altamont's fraudulent conduct to defendant Darren Miller, Esq. ("Miller"), a New York State Assistant Attorney General and to defendant Elaine Leach ("Leach"), an investigator with the New York State Department of Labor.  Plaintiff contends that the information he provided resulted in criminal charges being brought against Roe, Jacquelyn Gentile, Altamont's Chief Operating Officer, Dennis Bassat, Altamont's former Chief Operating Officer and others.  Plaintiff alleges that defendant Noreen VanDoren, Esq. ("VanDoren") and Anne Phillips, Esq. ("Phillips"), both attorneys for OGS, utilized the information provided in part by plaintiff to negotiate a better deal for janitorial services with Altamont for OGS, while refusing and failing to assist plaintiff in getting his job back.

### III.   LEGAL STANDARDS

*(A) Motion to Dismiss.*

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where the plaintiff has failed to provide some basis for the allegations that support the elements of her claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are deemed to be true, and all reasonable inferences must be drawn in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

(B) *Motion to Amend*.

Collins has moved pursuant to Federal Rule of Civil Procedure Rule 15(a)(2) to amend his complaint. Motions to amend under Rule 15(a)(2) serve a multitude of purposes including curing a defective pleading, correcting insufficiently stated claims, amplifying a previously alleged claim and stating additional claims. If the amendment that the plaintiff proposes would not cure defects in the pleading the amendment would supersede, it is a proper exercise of the trial court's discretion to deny the motion for leave to amend as futile. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

**IV.    DISCUSSION**

(A) *First Amendment Retaliation Claims*.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). For claims under Section 1983, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). A defendant's conduct must therefore be a proximate cause of the claimed violation in order to find that the individual defendant deprived

the plaintiff of his rights. See Ross v. Westchester Cnty. Jail, 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012) (citing Martinez v. California, 444 U.S. 277, 285, (1980)).

In order to establish a prima facie case of retaliation, a plaintiff must establish: "(1) [he] engaged in protected activity; (2) the employer was aware of this activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the alleged adverse action and the protected activity." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013). Speech is considered protected where it pertains to a "matter of political, social or other concern to the community." Connick v. Myers, 461 U.S. 138, 146 (1983). The Supreme Court, in Board of County Commissioners v. Umbehr, 518 U.S. 668 (1996), extended its analysis in First Amendment retaliation cases involving government employees to hold that independent contractors who have a pre-existing commercial relationship with a government entity enjoy First Amendment protection from termination by that entity in retaliation for the exercise of free speech. See id. at 685.

In the Second Circuit, personal involvement of the defendant in the alleged retaliation is a prerequisite to an award of damages under Section 1983. See Farrell v. Burke, 449 F.3d 470, 474 (2d Cir. 2006); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Conklin v. County of Suffolk, 859 F. Supp. 2d 415, 438 (E.D.N.Y. 2012). "[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014). Personal involvement of a defendant who occupies a supervisory position may be established by evidence showing the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring.

Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015) (quoting Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004)).

In their motions to dismiss, each defendant contends that any alleged retaliatory action resulted solely from the actions of defendants Roe and Altamont and that they did not have any personal involvement in the April 2012 decision to terminate Collins from his position with Altamont.

*(B) Defendant Frick.*

In the Amended Complaint, Collins argues that Defendant Frick was deliberately indifferent to the adverse employment action taken by Altamont and Roe and therefore liable for such retaliation. Plaintiff asserts that pursuant to the OGS Contract, OGS possessed the contractual right to investigate the performance of Altamont, require corrections and ultimately terminate the agreement if needed. Plaintiff contends that instead of properly investigating plaintiff's complaints of Altamont's misconduct, Frick and Papale scheduled a meeting and informed Roe of its purpose, which they knew or should have known would result in Roe retaliating against plaintiff.

Courts in this Circuit have found personal involvement to exist where, for example, the individual defendant: (1) signed a written notice that the plaintiff would not be reinstated, or (2) was involved in the decision to terminate the plaintiff. See Pinero v. Long Island State Veterans Home, 375 F. Supp. 2d 162, 169 (E.D.N.Y. 2005); Duse v. IBM Corp., 748 F. Supp.

956, 968 (D. Conn. 1990). On the other hand, courts have also held that "'[i]nvolvement in discussions that lead to a decision is not personal involvement under Section 1983.'" Conklin, 859 F. Supp. 2d at 441 (quoting Zdziebloski v. Town of E. Greenbush, N.Y., 336 F. Supp. 2d 194, 202 (N.D.N.Y. 2004) (D.J. Kahn)). Section 1983 claims "ordinarily require that the defendant be a supervisor or have some position of authority or control over the plaintiff." Kohutka v. Town of Hempstead, 994 F. Supp. 2d 305, 317 (E.D.N.Y. 2014), see also Olsen v. County of Nassau, 2008 WL 4838705, at *7 (E.D.N.Y. Nov. 4, 2008) ("Where the individual defendant is merely a co-worker of the plaintiff, such claims are routinely dismissed for failure to state a claim."). "Personal involvement requires that the individual who is, or becomes aware of, the violation, have the ability to take action to correct the problem." Conklin, 859 F. Supp. 2d at 441–42; Johnson v. Rock, 2014 WL 7410227, at *10 (N.D.N.Y. Dec. 31, 2014).

Collins does not allege that either Frick or Papale directly participated in his allegedly retaliatory termination, but rather that they were deliberately indifference to such termination and failed to remedy the wrongs of Altamont and Roe. However, Frick's failure to remedy alleged violations of the OGS Contract or to intervene to prevent Altamont and Roe's termination of Collins does not constitute personal involvement to support a Section 1983 cause of action. OGS and Altamont are separate legal entities and the OGS Contract did not create an obligation for Frick or any other OGS employee to supervise Altamont and Roe's actions toward their employees or ensure adequate training. The OGS Contract does not permit Frick or any other OGS employee to direct the termination or hiring of Altamont's employees and there is no allegation that Frick was involved in discussions that lead to plaintiff's termination, much less that he directed plaintiff's termination. The Amended Complaint clearly states that Roe was plaintiff's supervisor who directed his termination. It also clearly states that Roe's employer was Altamont. Therefore, Altamont would be

responsible for the supervision and training of Roe, not OGS, an independent contracting party.

In effect, Collins is alleging that given their positions as administrators of the OGS Contract, Frick and Papale might have influence over Altamont and Roe's personnel decisions. However, an official with no "hiring, firing, or disciplinary power over any supervisory staff or personnel" has no personal involvement in the unconstitutional conduct and a claim under Section 1983 cannot be sustained as to that individual. Morris v. Eversley, 282 F. Supp. 2d 196, 207 (S.D.N.Y. 2003).

For the foregoing reasons, Collins has failed to state a First Amendment retaliation claim against Frick. As a result, Frick's motion to dismiss the complaint as against him will be granted.

(C) *Defendant Papale*.

Collins alleges that he periodically also notified defendant Papale of Altamont's violations of the OGS Contract and that Papale failed to properly investigate the allegations. Further, plaintiff argues that Papale informed Roe of the purpose of the April 9, 2012 meeting and failed to take action to prevent Altamont and Roe's retaliatory termination of plaintiff.

As an OGS employee, Papale did not have the ability to direct personnel decisions of an independent contracting party and therefore was not personally involved in the alleged retaliation against Collins. As a result, plaintiff has failed to state a First Amendment retaliation claim against Papale and Papale's motion to dismiss will be granted.

(D) *Defendants Miller, Leach, VanDoren and Phillips (the "State Defendants")*.

At oral argument, Collins conceded that none of the State Defendants had any personal involvement in terminating plaintiff's employment and withdrew his First Amendment retaliation claim against such defendants with prejudice. Therefore, the motion to dismiss the State

Defendants will be granted.

### (E) *Motion to Amend*.

The moving defendants oppose plaintiff's motion to amend arguing that the motion is futile as the claims contained in the proposed Amended Complaint still fail to state proper claims against them. A review of the proposed Amended Complaint demonstrates plaintiff has added factual allegations concerning the moving defendants and added numerous exhibits, including the OGS Contract, the Altamont Contract and a Memorandum written by defendant VanDoren. However, for the reasons stated previously, the proposed Amended Complaint fails to state a cause of action against defendants Frick, Papale, Miller, Leach, VanDoren and Phillips. As a result, plaintiff's motion to amend will be denied as futile.

## V.  **CONCLUSION**

For the reasons stated, the Court finds that Collins has failed to state a First Amendment retaliation claim against defendants Frick, Papale, Miller, Leach, VanDoren and Phillips. Therefore, the defendants' motions to dismiss will be granted and such defendants will be dismissed from this case.

Therefore, it is ORDERED that:

1. Defendant David Frick's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 62) is **GRANTED**;

2. Defendant Papale's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 64) is **GRANTED**;

3. Defendants Darren Miller, Elaine Leach, Noreen VanDoren and Anne Phillips's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 68) is **GRANTED**;

4. Plaintiff's cross motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) (ECF No. 89) is **DENIED;** and

5. Defendants David Frick, Andrew Papale, Darren Miller, Elaine Leach, Noreen VanDoren and Anne Phillips are **DISMISSED** from this case with prejudice and judgment will be entered accordingly.

IT IS SO ORDERED.

United States District Judge

Dated: October 14, 2016
       Utica, New York